IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Liliana Lopez<br>Edgar Orlando Lopez aka Edgar Lopez-Diaz aka<br>Edgar Orlando Lopez Diaz<br>　　　　　　　Debtor(s) | CHAPTER 13 |
| WILMINGTON SAVINGS FUND SOCIETY,<br>FSB, AS TRUSTEE OF ACM STANWICH<br>ALAMOSA 2020 TRUST<br>　　　　　　　Movant<br>vs.<br>Liliana Lopez<br>Edgar Orlando Lopez aka Edgar Lopez-Diaz aka<br>Edgar Orlando Lopez Diaz<br>　　　　　　　Debtor(s)<br>Scott F. Waterman<br>　　　　　　　Trustee | NO. 18-14714 PMM<br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$20,727.60**, including the post-petition payment for June 2021, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | $1,375.83 for April 2020 through March 2021 |
| | $1,405.88 for April 2021 through June 2021 |
| **Total Post-Petition Arrears** | **$20,727.60** |

2. The Debtor(s) shall cure said arrearages in the following manner;

　　a). Within seven (7) days of the filing of this Stipulation, Debtor shall file Motion to Modify the Chapter 13 Plan to include the post-petition arrears of **$20,727.60**.

　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$20,727.60** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due July 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,405.88 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court if the loan is delinquent and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 27, 2021

/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz Esq.
Attorney for Movant

Date: 6/18/21

Lynn E. Feldman Esq.
Attorney for Debtor(s)

Date: 6/21/2021

Rolando Ramos for
Scott F. Waterman Esq.
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Patricia M. Mayer Judge